UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GEORGE WASHINGTON PENSON, | ) | CASE NO. 1:13 CV 1152 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On May 22, 2013, petitioner *pro se* George Washington Penson III, an inmate at the United States Penitentiary at Hazelton, filed the above-captioned habeas corpus action. While the petition and other documents filed by Penson are unclear, he appears to be seeking to challenge his conviction and sentence in this court. *U.S. v. Penson*, 4:03 CR 193.

A challenge to a federal prisoner's judgment or sentence must generally be brought, if at all, as a post-conviction motion under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Further, even if Penson believes, despite the foregoing authority, that habeas corpus is an appropriate vehicle to seek his release, such an action must be brought in the district court having jurisdiction over his custodian. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir.1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir.1977).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Donald C. Nugent 8/30/13

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE